UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
KEESOO HONG,

                              Plaintiffs,                    **AMENDED COMPLAINT**

   -against-

THE CITY OF NEW YORK, POLICE OFFICER          PLAINTIFF DEMANDS
DERRICK WILLIAMS, Shield # 12049, SERGEANT    TRIAL BY JURY
CHUNG BANG, Shield # 3762, POLICE OFFICER
RYAN COLLIS, Shield # 3016, POLICE OFFICERS     Case No.: 15-CV-5697
JOHN/JANE DOE(S) #s 1-10,

                              Defendants.
———————————————————————X

      Plaintiff KEESOO HONG for his amended complaint, by his attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff KEESOO HONG (hereinafter "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution including due process of law. On or about December 9, 2014, Plaintiff was falsely arrested by employees of the City of New York, including but not limited to POLICE OFFICER DERRICK WILLIAMS, Shield # 12049. As a result of the violation of his constitutional rights, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

1

Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff at all times relevant hereto resided in Queens, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER DERRICK WILLIAMS, Shield # 12049 (hereinafter "WILLIAMS" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. WILLIAMS is sued in his official and individual capacity.

6. Defendant SERGEANT CHUNG BANG, Shield # 3762 (hereinafter "BANG" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. BANG is sued in his official and individual capacity.

7. Defendant POLICE OFFICER RYAN COLLIS, Shield # 3016 (hereinafter "COLLIS" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. COLLIS is sued in his official and individual capacity.

8. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents,

servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about December 9, 2014, at approximately 7:00 P.M., Plaintiff was at his place of employment, Café Ele, 43 West 32nd St., New York, NY 10001.

11. Plaintiff was approached by employees of the City of New York, including but not limited to Defendant WILLIAMS.

12. Plaintiff was handcuffed and falsely arrested by Defendants, and transported to the Midtown South Precinct where he was held for approximately seven hours.

13. Plaintiff was then transferred to the Midtown North Precinct where he was held for approximately ten hours.

14. Plaintiff was not charged with any crime and was free to leave from the Midtown North Precinct.

15. That heretofore and on the 27th day of February, 2015, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth Plaintiff's

name, the nature of the claim, the time and place of the incident, the manner in which the claim arose and the items of damage and injuries sustained.

16. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

17. Paragraphs 1 through 16 of this complaint are hereby realleged and incorporated by reference herein.

18. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

19. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiff was but one of those persons.

20. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

21. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

22. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

23. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

24. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

25. Paragraphs 1 through 24 are hereby realleged and incorporated by reference herein.

26. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

27. That Defendants intended to confine Plaintiff.

28. That Plaintiff was conscious of the confinement and did not consent to it.

29. That the confinement was not otherwise privileged.

30. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

31. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

32. Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33. That Defendants failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

34. That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

35. That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

36. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect him from Defendants' violation of Plaintiff's civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

37. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions.

38. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

39. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

41. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

42. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

43. Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

45. That at all times Defendants were acting within the scope of their employment.

46. That Defendant CITY was able to exercise control over Defendants activities.

47. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

48. Paragraphs 1 through 47 are hereby realleged and incorporated by reference herein.

49. That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

50. That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

51. That Defendants detained Plaintiff with ill will and/or negligently.

52. That Defendants should have expeditiously investigated this matter and released Plaintiff.

53. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when it subjected his to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

54. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

55. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

56. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby

57. failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

57. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

58. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

59. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

60. By reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from December 9, 2014;

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       November 4, 2015

                                                          _____
                                                          DAVID A. ZELMAN, ESQ.
                                                          (DZ 8578)
                                                          612 Eastern Parkway
                                                          Brooklyn, New York 11225
                                                          (718) 604-3072